1

2

3

4

5

6

7

8

9

# UNITED STATES DISTRICT COURT

10

EASTERN DISTRICT OF CALIFORNIA

11

12  HYUN JU SHIN,                                    Case No.  1:17-cv-1371-AWI-SKO

13              Plaintiff/Counter-Defendant,    **ORDER GRANTING**
                                                **DEFENDANT/COUNTER-**
14        v.                                    **CLAIMANT'S MOTION TO AMEND**
                                                **THE COUNTER-COMPLAINT**
15  ROBERT YOUNG YOON, et al.,

16              Defendants.
    _____/           (Doc. 40)
17  ROBERT YOUNG YOON,

18              Counter-Claimant,

19        v.

20  HYUN JU SHIN,

21              Counter-Defendant.

22

23

24                        **I.  INTRODUCTION**

25        On January 24, 2019, Defendant and Counter-Claimant Robert Young Yoon ("Defendant")

26  filed a motion to amend the counter-complaint.  (Doc. 40.)  Plaintiff and Counter-Defendant Hyun

27  Ju Shin ("Plaintiff") filed an opposition brief on February 13, 2019 (Doc. 41), and Defendant filed

28  a reply brief on February 20, 2019 (Doc. 42).  After having reviewed the parties' papers and all

supporting material, the matter was deemed suitable for decision without oral argument pursuant to Local Rule 230(g), and the hearing was vacated on February 21, 2019. (Doc. 43.)

For the reasons set forth below, Defendant's motion to amend the counter-complaint is GRANTED.[1]

## II.   BACKGROUND

On October 11, 2017, Plaintiff filed a complaint against Defendant and five other defendants[2] seeking damages related to the alleged breach of a contract for the purchase of the Holiday Inn Express in Clovis, California. (Doc. 1 ("Compl.").) The complaint alleges eight causes of action: 1) Breach of Contract, 2) Breach of Fiduciary Duty, 3) Conversion, 4) Intentional Misrepresentation, 5) Concealment, 6) False Promise, 7) Negligent Misrepresentation, and 8) To Set Aside Voidable Transfer of Assets. (*Id.* ¶¶ 27–138.) Among other claims, Plaintiff alleges she loaned Defendant $1,521,000, and Defendant has failed to repay Plaintiff the remaining balance on the loan of $120,000 in accordance with the terms the loan agreement between Plaintiff and Defendant. (*Id.* ¶¶ 28–37.)

On May 3, 2018, Defendant filed an answer along with a counter-complaint against Plaintiff with two causes of action for Breach of Contract and Declaratory Relief. (Doc. 19.) The counter-complaint alleges Defendant fully repaid the loan from Plaintiff, and inadvertently made an overpayment to Plaintiff for which he seeks reimbursement. On July 23, 2018, the Court entered a Scheduling Order in accordance with Rule 16 of the Federal Rules of Civil Procedure. (Doc. 30.) The Scheduling Order set forth the pertinent pretrial dates including a deadline of January 28, 2019, to amend the pleadings. (*Id.* at 2–3.)

On January 24, 2019, Defendant filed a motion to amend the counter-complaint seeking to add his new status as a successor-in-interest to decedent Young Soon Yoon's estate, who is

---

[1] The Court notes that the parties' briefing on Defendant's motion to amend the counter-complaint contains essentially the same arguments as the briefing on the motion for leave to file a counter-complaint in the related case, *Shin, et al. v. Young, et al.*, Case No. 1:18–cv–00381–AWI–SKO (see docket entries 35, 38, 42). Accordingly, the Court's analysis follows that of the order on the motion for leave to file a counter-complaint in the related case.

[2] Defendant is Plaintiff's uncle, and the five other defendants are Plaintiff's aunt, Kyoung Mee Yoon; Plaintiff's first cousin, Kyoung Sup Yoon; and three entities, Y & Y Property Management, Inc., The Victus Group, Inc., and Blackstone Seattle, LLC, that are owned and/or controlled by Defendant and the other two individual defendants. (Doc 1 ¶¶ 17–18.) The motion to amend the counter-complaint is brought only by Defendant Robert Young Yoon.

Defendant's deceased sister and Plaintiff's mother, and add new and amended factual allegations. (Doc. 40 at 1; *see also* Doc. 40, Ex. A ("Proposed Am. Countercl.") ¶¶ 5–18.) Defendant also seeks to amend his second cause of action for declaratory relief to allege that based on his status as successor-in-interest to Young Soon Yoon's estate, Plaintiff has no standing for any of the causes of action in her complaint. (*Id.* ¶¶ 32–35.) The proposed amended counter-complaint also adds the following four causes of action: 1) Third Cause of Action for Fraud; 2) Fourth Cause of Action for Negligent Misrepresentation; 3) Fifth Cause of Action for Conversion; and 4) Sixth Cause of Action for Common Counts (Accounting). (Doc. 40 at 1; *see also* Proposed Am. Countercl. ¶¶ 36–58.)

Defendant alleges that in 2008, his sister, Young Soon Yoon, gifted Defendant $1,000,000. (Proposed Am. Countercl. ¶ 6.) She deposited the funds in a U.S. Chase bank account in her name and provided Defendant with three blank checks. (*Id.*) Defendant used $200,000 of the $1,000,000 to purchase a home in Fresno, CA. (*Id.* ¶ 7.) Shortly after Young Soon Yoon passed away in 2009, Plaintiff, who is Young Soon Yoon's daughter, transferred the remaining $800,000 from Young Soon Yoon's account into her own personal account, while representing to Defendant that Plaintiff and her sister were the successors-in-interest to Young Soon Yoon's estate and inherited all Young Soon Yoon's financial interests. (*Id.* ¶¶ 9, 11.) Defendant alleges that in 2012, Plaintiff transferred $765,000 of the remaining $800,000 to Defendant as a "loan" for the purchase of the Holiday Inn Express in Clovis, CA—even though the money originated in the account where Young Soon Yoon deposited the $1,000,000 she had gifted to Defendant in 2008. (*Id.* ¶ 14.)

Defendant further alleges that Plaintiff made additional loans to Defendant with funds from Young Soon Yoon's estate in exchange for an interest in certain business organizations, and he made profit sharing payments from those businesses to Plaintiff in reliance on her representations that she was the successor in interest to Young Soon Yoon's estate. (*See id.* ¶ 15–16.) Plaintiff made the false representations regarding her status as the successor-in-interest to her mother's estate since "around the time Young Soon Yoon was diagnosed with terminal cancer and forward." (*Id.* ¶ 10.) However, despite Plaintiff's representation that she would inherit or had inherited Young Soon Yoon's estate, Defendant recently learned Plaintiff and her sister actually waived any rights

of succession to Young Soon Yoon's estate by irrevocably signing a "Refusal to Succession" in 2009. (*Id.* ¶¶ 12, 18.) On January 21, 2019, the Seoul Family Court in Korea appointed Defendant as successor-in-interest to Young Soon Yoon's estate. (*Id.* ¶ 1.) As the recently-appointed successor-in-interest to Young Soon Yoon's estate, Defendant seeks to amend the counter-complaint to bring the new causes of action on behalf of himself and his deceased sister.

Plaintiff opposes Defendant's motion to amend the counter-complaint contending she would be prejudiced if amendment is permitted, there is undue delay and "strong suspicion of bad faith," and amendment is futile because Defendant failed to plead his counterclaims with particularity and the claims are barred by the statute of limitations. (Doc. 41 at 5–12.) Defendant responds that there is no prejudice to Plaintiff because the proposed counter-complaint pertains to the same nucleus of facts as Plaintiff's complaint and he filed his amended counter-complaint without undue delay. (Doc. 42 at 3–4.) Defendant also asserts that the amended causes of action are pled with particularity and not time-barred. (*Id.* at 5–7.)

### III.   DISCUSSION

#### A.   Legal Standard

Rule 15 of the Federal Rules of Civil Procedure ("Rule 15") provides that a party may amend its pleading only by leave of court or by written consent of the adverse party and that leave shall be freely given when justice so requires. Fed. R. Civ. P. 15(a)(1)–(2). The Ninth Circuit has instructed that the policy favoring amendments "is to be applied with extreme liberality." *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990). "[C]ourts presented with motions for leave to amend a pleading to add an omitted counterclaim generally 'adhere[ ] to the liberal amendment policy of Rule 15' in deciding whether to grant the requested leave." *Lennar Mare Island, LLC v. Steadfast Ins. Co.*, No. 2:12–cv–02182–KJM, 2015 WL 4910468, at *6 (E.D. Cal. Aug. 17, 2015) (quoting *SAES Getters S.p.A. v. Aeronex, Inc.*, 219 F. Supp. 2d 1081, 1085 (S.D. Cal. 2002)). Although the decision whether to allow amendment is in the court's discretion, "[i]n exercising its discretion, a court must be guided by the underlying purpose of Rule 15—to facilitate decision on the merits rather than on the pleadings or technicalities." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987) (internal quotations omitted).

The factors commonly considered to determine the propriety of a motion for leave to amend are: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, and (4) futility of amendment. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Loehr v. Ventura Cty. Cmty. Coll. Dist.*, 743 F.2d 1310, 1319 (9th Cir. 1984). "These factors, however, are not of equal weight in that delay, by itself, is insufficient to justify denial of leave to amend." *DCD Programs, Ltd.* 833 F.2d at 186. "The other factors used to determine the propriety of a motion for leave to amend could each, independently, support a denial of leave to amend a pleading." *Beecham v. City of W. Sacramento*, No. 2:07–cv–01115–JAM–EFB, 2008 WL 3928231, at *1 (E.D. Cal. Aug. 25, 2008) (citing *Lockheed Martin Corp. v. Network Solutions, Inc.*, 194 F.3d 980, 986 (9th Cir. 1999)). Of these factors, "prejudice to the opposing party is the most important factor." *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990).

**B.     Analysis**

    **1.     Undue Prejudice**

"Undue prejudice means substantial prejudice or substantial negative effect[.]" *Conte v. Jakks Pac., Inc.*, 981 F. Supp. 2d 895, 908–09 (E.D. Cal. 2013) (quotations omitted), *aff'd*, 563 Fed. Appx. 777 (Fed. Cir. 2014). "[T]he Ninth Circuit has found such substantial prejudice where the claims sought to be added 'would have greatly altered the nature of the litigation and would have required defendants to have undertaken, at a late hour, an entirely new course of defense.'" *SAES Getters S.p.A.*, 219 F. Supp. 2d at 1086 (quoting *Morongo Band of Mission Indians*, 893 F.2d at 1079). However, "[n]either delay resulting from the proposed amendment nor the prospect of additional discovery needed by the non-moving party in itself constitutes a sufficient showing of prejudice." *Stearns v. Select Comfort Retail Corp.*, 763 F. Supp. 2d 1128, 1158 (N.D. Cal. 2010). "[T]he resulting prejudice to the opposing party is by far the most important and most common reason for upholding a district court's decision to deny leave to amend." *Conte*, 981 F. Supp. 2d at 908–09. "The party opposing amendment bears the burden of showing prejudice." *DCD Programs*, 833 F.2d at 187.

Plaintiff asserts she would be prejudiced if Defendant is allowed to amend his counter-complaint because Defendant seeks to add new legal theories based on a different set of facts.

(Doc. 41 at 6.)  Plaintiff specifically identifies the difficulty she will have in obtaining bank records related to the $765,000 Plaintiff loaned to Defendant, which Defendant alleges was part of the $800,000 gifted to him by his sister, Young Soon Yoon.  (*Id.*)

Plaintiff's complaint, however, alleges a breach of contract claim against Defendant for failure to repay the same $765,000 which Plaintiff contends was part of a $1,521,000 loan that Defendant failed to repay in full.  (*See* Compl. ¶¶ 27–38.)  Although Defendant alleges some additional facts, his claims generally relate to same transactions at issue in Plaintiff's complaint and therefore, do not "greatly altered the nature of the litigation." *Morongo Band of Mission Indians*, 893 F.2d at 1079 (affirming the district court's denial of a motion to amend where the new claims would be a "radical shift in direction" of the case).

Moreover, while Plaintiff will have to conduct additional discovery regarding Defendant's claims, that does not constitute prejudice sufficient to deny leave to amend. *Nissou-Rabban v. Capital One Bank (USA), N.A.*, 285 F. Supp. 3d 1136, 1145 (S.D. Cal. 2018) ("[T]he expenditure of additional monies or time do not constitute undue prejudice.").  This is particularly true given that this case is in its early stages—the fact discovery cut-off is not until December 2019 and trial is set for June 2020. *Miramontes v. Mills*, No. CV 11–08603–MMM–SS, 2015 WL 13609449, at *4 (C.D. Cal. May 18, 2015) ("The fact that a defendant must take some additional discovery related to newly asserted claims does not alone demonstrate prejudice or weigh against granting leave to amend given the early stage of the litigation.").  Accordingly, the Courts finds granting Defendant leave to amend his counter-complaint would not unduly prejudice Plaintiff.

### 2. Undue Delay and Bad Faith

Under *Foman*, districts courts may also consider undue delay and bad faith by the moving party in assessing motions to amend pleadings. *Foman*, 371 U.S. at 182.  "Undue delay by itself is insufficient to justify denying leave to amend." *United States v. United Healthcare Ins. Co.*, 848 F.3d 1161, 1184 (9th Cir. 2016).  Bad faith exists when the moving party seeks to amend merely to prolong the litigation by adding "new but baseless legal theories." *Griggs v. Pace American Group, Inc.*, 170 F.3d 877, 881 (9th Cir. 1999).  "Examples of bad faith have included––but are not limited to—instances in which a party makes a claim without alleging any newly

discovered facts, makes a tactical decision to omit a claim to avoid summary judgment, or includes a claim to harass or burden the other party." *Stearns*, 763 F. Supp. 2d at 1159.

Here, Plaintiff contends Defendant unduly delayed filing his motion to amend the counter-complaint, and there is a "strong suspicion of bad faith" because he discovered the basis for his alleged claims in 2009. (Doc. 41 at 7.)  Defendant responds that after filing his initial counter-complaint in May 2018, he learned that Plaintiff did not succeed her mother Young Soon Yoon's estate, despite Plaintiff's representations since 2009 to the contrary.  (Doc. 42 at 3.)  Defendant also consulted with a Korean lawyer in November 2018, who informed Defendant of the legal consequences of Plaintiff's "Refusal of Succession" to Young Soon Yoon's estate.  (*Id.*)  The Seoul Korean Family Court in Korea also appointed Defendant as a successor-in-interest to Young Soon Yoon's estate on January 21, 2019.  (Doc. 40 at 3.)

Defendant filed his motion to amend the counter-complaint on January 24, 2019, seeking to add several causes of action and his new status as a successor-in-interest to Young Soon Yoon's estate.  (Doc. 40.)  The deadline to file a motion to amend the pleadings was January 28, 2019 (Doc. 30 at 2), and the parties both agree that before Defendant filed his motion, the parties were "engaged in extensive settlement discussions" which failed in "approximately mid-2018" (Docs. 41 at 2 and 42 at 3).  Considering Defendant filed his motion to amend the counter-complaint only three days after being appointed as the successor-in-interest to Young Soon Yoon's estate and Plaintiff does not appear to oppose the amendment adding Defendant's capacity as successor-in-interest to Young Soon Yoon's estate,[3] the Court declines to find that Defendant unduly delayed in filing his motion to amend the counter-complaint.  There is also no indication that Defendant seeks to amend his counter-complaint purely to harass or burden Plaintiff.  Accordingly, in view of the "extreme liberality" with which this Court should grant leave to amend (*Morongo Band of Mission Indians*, 893 F.2d at 1079), the Court declines to deny Defendant's motion to amend his counter-complaint based on undue delay or bad faith.

---

[3] The Court notes that while Plaintiff specifically addresses the new causes of action in Defendant's proposed amended counter-complaint for fraud, negligent misrepresentation, conversion, and common counts, Plaintiff does not contend Defendant's amended request for declaratory relief in his capacity as the successor in interest to Young Soon Yoon's estate is futile or brought in bad faith.

### 3.    Futility

"Leave to amend may be denied if the proposed amendment is futile or would be subject to dismissal." *Clarke v. Upton*, 703 F. Supp. 2d 1037, 1043 (E.D. Cal. 2010) (citing *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991)).  "[A] proposed amendment is futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Miller v. Rykoff–Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988). "[P]roposed amendments are futile when they are either duplicative of existing claims or patently frivolous." *Murray v. Schriro*, 745 F.3d 984, 1015 (9th Cir. 2014) (alteration omitted).  "However, denial on this ground is rare and courts generally defer consideration of challenges to the merits of a proposed amended pleading until after leave to amend is granted and the amended pleading is filed." *Clarke*, 703 F. Supp. 2d 1037, 1043 (E.D. Cal. 2010) (citing *Netbula, LLC v. Distinct Corp.*, 212 F.R.D. 534, 539 (N.D. Cal. 2003)).

Here, Plaintiff contends permitting Defendant to amend his counter-complaint to include the fraud, negligent misrepresentation, and conversion counterclaims would be futile, because if the Court applied the standard for a motion to dismiss under Rule 12(b)(6), the claims would be subject to dismissal due to Defendant's failure to plead these claims with particularity as required by Rule 9(b).  (Doc. 41 at 8–9.)  Plaintiff further contends all of Defendant's proposed new causes of action would be subject to dismissal because they are barred by the statute of limitations and Defendant did not sufficiently plead facts showing the statute of limitations was tolled by the doctrine of delayed discovery.  (*Id.* at 9–12.)  Defendant responds that the amended counter-complaint is sufficiently pled because the fraud claims are pled with particularity and the new causes of action only arose in "mid-2018 or November 2018" when he discovered Plaintiff's fraud.  (Doc. 42 at 5–8.)

Even if Plaintiff is correct and the proposed amended counter-complaint would subject to dismissal on a motion to dismiss under Rule 12(b)(6), Defendant's proposed amendments are not "patently frivolous" because these deficiencies may be cured by pleading the fraud claims with greater particularity and setting forth the relevant time periods and events under the doctrine of delayed discovery. *See Murray*, 745 F.3d at 1015.  Therefore, the Court will "defer consideration

of challenges to the merits of a proposed amended pleading until after leave to amend is granted and the amended pleading is filed." *Clarke*, 703 F. Supp. 2d at 1043; *see also DCD Programs, Ltd.*, 833 F.2d at 186 ("[A] motion to make an amendment is to be liberally granted where from the underlying facts or circumstances, the plaintiff may be able to state a claim." (internal quotations omitted)).

Additionally, in view of the Ninth Circuit's directive that leave to amend be granted with "extreme liberality," courts generally decline to reach the merits of such a dispute where the parties can more fully brief and argue the issues on a motion to dismiss. *Kendrick v. Cty. of San Diego*, No. 15CV2615–GPC(RBB), 2017 WL 2692903, at *7 (S.D. Cal. June 22, 2017) ("Arguments concerning the sufficiency of the proposed pleadings, even if meritorious, are better left for briefing on a motion to dismiss."); *Allen v. Bayshore Mall*, No. 12–cv–02368–JST, 2013 WL 6441504, at *5 (N.D. Cal. Dec. 9, 2013) ("The merits or facts of a controversy are not properly decided in a motion for leave to amend and should instead be attacked by a motion to dismiss for failure to state a claim or for summary judgment."). Accordingly, the Court "will decline the invitation to convert [Defendant's] motion for leave to amend into a motion to dismiss." *dpiX LLC v. Yieldboost Tech, Inc.*, No. 14–cv–05382–JST, 2015 WL 5158534, at *4 (N.D. Cal. Sept. 2, 2015); *see also Gutterglove Inc. v. Lasell*, No. CV 17–1372 WBS CKD, 2018 WL 1920080, at *1 (E.D. Cal. Apr. 24, 2018) ("While courts will determine the legal sufficiency of a proposed amendment using the same standard as applied on a Rule 12(b)(6) motion . . . such issues are often more appropriately raised in a motion to dismiss rather than in an opposition to a motion for leave to amend.") (quoting *SAES Getters S.p.A.*, 219 F. Supp. 2d at 1086); *United States v. Univ. of Phoenix*, No. 2:10–cv–02478–MCE–KJN, 2011 WL 4971979, at *2 (E.D. Cal. Oct. 19, 2011) (finding it "premature" to consider the legal sufficiency of the plaintiff's amended complaint "under the guise of considering Defendants' Opposition").

Plaintiff cites *Foster Poultry Farms v. Alkar-Rapidpak-MP Equip., Inc.*, No. 1:11–CV–00030 AWI SMS, 2013 WL 398664, at *6 (E.D. Cal. Jan. 31, 2013), in support of the assertion that a motion to amend should be denied for futility where the moving party fails to allege a fraud

claim with sufficient particularity.[4]   However, the court in *Foster Poultry* also found that the plaintiff's motion to amend the complaint was untimely, and allowing the proposed amendments to the complaint would be prejudicial to the defendants.  *Id.* at *6.

As set forth above, there are no such findings that Defendant unduly delayed filing his motion to amend the counter-complaint, or that Plaintiff would be unduly prejudiced by defending against the counter-complaint.  Therefore, the Court rejects Plaintiff's assertion that *Foster Poultry* requires Defendant's motion be denied.  *See DCD Programs, Ltd.*, 833 F.2d at 186 (noting that in exercising its discretion to grant a motion to amend the complaint, "a court must be guided by the underlying purpose of Rule 15—to facilitate decision on the merits rather than on the pleadings or technicalities"); *see also SAES Getters S.p.A.*, 219 F. Supp. 2d at 1086 (noting that the *Foman* factors "are not to be understood rigidly or applied mechanically; courts are instead counselled to 'examine each case on its facts' and gauge the propriety of granting leave to amend accordingly") (quoting 6 Charles Alan Wright, et al., Federal Practice and Procedure: Civil 2d § 1430 (2d ed. 1990)).

## IV.   CONCLUSION AND ORDER

For the reasons set forth above, the Court hereby ORDERS:

1.      Defendant's motion to amend the counter-complaint (Doc. 40), is GRANTED;

2.      Defendant SHALL file his First Amended Counter-Complaint, which was attached as Exhibit A to his motion to amend the counter-complaint, by no later than three days of the filing of this order; and

3.      Plaintiff SHALL respond to the amended counter-complaint within 21 days after its filing.

IT IS SO ORDERED.

---

[4] Plaintiff cites a second case for this same proposition, *Kasick v. City of Hemet*, No. CV 09–1849–VBF(PLA), 2009 WL 10673957 (C.D. Cal. Oct. 28, 2009).  (Doc. 41 at 9.)  The Court notes, however, that *Kasick* did not consider the sufficiency of the pleadings for purposes of a motion to amend.  The court instead found that plaintiff's complaint failed to plead fraud with sufficient particularity for purposes of a motion to dismiss—the same motion Plaintiff may file in this case to attack the sufficiency of the pleadings in Defendant's amended counter-complaint.  *Kasick*, 2009 WL 10673957, at *5 ("For the foregoing reasons, **Defendants' Motion to Dismiss** the ninth cause of action for fraud is granted.") (emphasis added).

1  Dated:   **March 18, 2019**                    /s/ *Sheila K. Oberto*
                                        UNITED STATES MAGISTRATE JUDGE

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28