David Y. Choi (State Bar No. 263917)
dchoi@goldbergsegalla.com
Oliver E. Twaddell
otwaddell@goldbergsegalla.com
GOLDBERG SEGALLA, LLP
777 S. Figueroa Street, Suite 1900
Los Angeles, California 90017
Telephone: (213) 415-7200
Facsimile: (213) 415-7299

David H. Rho (State Bar No. 270598)
drho@crgroupllp.com
1234 Wilshire Blvd. Ste. 411
Los Angeles, California 90017
Telephone: (213) 626-9610
Facsimile: (213) 403-5675

Attorney for Plaintiff HYUN JU SHIN

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HYUN JU SHIN, an individual;<br><br>Plaintiff,<br><br>vs.<br><br>ROBERT YOUNG YOON, an individual; KYOUNG MEE YOON, an individual; KYOUNG SUP YOON, an individual; Y & Y PROPERTY MANAGEMENT, INC., a California corporation; THE VICTUS GROUP, INC., a California Corporation; BLACKSTONE SEATTLE, LLC, a Washington limited liability company, LLC; and DOES 1 through 20 inclusive. | Case No. 1:17-cv-01371-AWI-SKO<br><br>**STIPULATION AND ORDER FOR:**<br>**(1) ENTRY OF JUDGMENT AGAINST JUDGMENT DEBTORS; AND**<br>**(2) FINDINGS OF FACT AND CONDITIONAL RELEASES FROM LIABILITY BY ALL PARTIES** |

1

**STIPULATION AND ORDER FOR: (1) ENTRY OF JUDGMENT AGAINST JUDGMENT DEBTORS; AND (2) FINDINGS OF FACT AND CONDITIONAL RELEASES FROM LIABILITY BY ALL PARTIES**

Defendants.

------------------------------------------------

AND RELATED COUNTER-CLAIMS.

On August 28, 2019, the parties filed the following Stipulation:

Plaintiff Hyun Ju Shin ("HJS") ("Plaintiff" or "Judgment Creditor") commenced this action by filing the Complaint in the above referenced action (the "Lawsuit"). Defendants Bob Young Yoon ("Bob"), Y&Y Property Management, Inc. ("YYPM"), Kyoung Mee Yoon ("KMY"), Kyoung Sup Yoon ("KSY"), The Victus Group, Inc. ("Victus"), and Blackstone Seattle, LLC ("Blackstone") (collectively, the "Defendants"), were duly served with the Summons and the Complaint for the Lawsuit.

For ease of reference, as used herein, the term "Judgment Debtor" and "Judgment Debtors" shall mean and refer to Bob and YYPM.

## SECTION 1:

## STIPULATED JUDGMENT AND ORDER

## BETWEEN JUDGMENT CREDITOR AND JUDGMENT DEBTORS

The Judgment Creditor and Judgment Debtors have agreed to entry of this Stipulated Judgment and Order Between Judgment Creditor and Judgment Debtors as it relates to the allegations contained in the operative pleadings (the "Judgment"). For avoidance of doubt, KMY, KSY, Victus and Blackstone are not judgment debtors under the Judgment and are not parties subject to the herein Judgment.

NOW, THEREFORE, on the joint motion of the Judgment Creditor and Judgment Debtors, it is hereby ORDERED, ADJUDGED AND DECREED as

**STIPULATION AND ORDER FOR: (1) ENTRY OF JUDGMENT AGAINST JUDGMENT DEBTORS; AND (2) FINDINGS OF FACT AND CONDITIONAL RELEASES FROM LIABILITY BY ALL PARTIES**

follows:

1. **Payments.** The Judgment Debtors shall be liable, joint and severally, for monetary damages to the Judgment Creditor equal to Two Hundred Thousand Dollars ($200,000), payable in installments as set forth in this Section.

1.1 First Payment. The Judgment Debtors shall make the first payment of Fifty Thousand Dollars ($50,000) within 60 days of entry of the Judgment. If payment is not timely received in full, interest shall accrue on all outstanding amounts at a rate of ten percent (10%) per annum subject to Section 1.4 below.

1.2 Second Payment. The Judgment Debtors shall make the second payment of Fifty Thousand Dollars ($50,000) within 180 days of entry of the Judgment. If payment is not timely received in full, interest shall accrue on all outstanding amounts at a rate of ten percent (10%) per annum subject to Section 1.4 below.

1.3 Third Payment. The Judgment Debtors shall make the third payment of Fifty Thousand Dollars ($50,000) within 270 days of entry of the Judgment. If payment is not timely received in full, interest shall accrue on all outstanding amounts at a rate of ten percent (10%) per annum subject to Section 1.4 below.

1.4 Fourth Payment. The Judgment Debtors shall make the fourth payment of Fifty Thousand Dollars ($50,000) plus any outstanding amount owed, including accrued interest, by October 30, 2020. If the Judgment Creditor has not received full payment for all amounts owed under the Judgment by October 30, 2020, the Judgment Debtors shall be liable to pay to the Judgment Creditor, joint and severally, for an additional Fifteen Thousand Dollars ($15,000) per month for every month that full payment has not been received (regardless of the amount of the outstanding balance), provided that, as of October 30, 2020, no further interest shall accrue by virtue of the terms set forth in Sections 1.1 – 1.3.

For avoidance of doubt, the foregoing $15,000 payment per month is comprised

**STIPULATION AND ORDER FOR: (1) ENTRY OF JUDGMENT AGAINST JUDGMENT DEBTORS; AND (2) FINDINGS OF FACT AND CONDITIONAL RELEASES FROM LIABILITY BY ALL PARTIES**

of some (but not all) of the additional damages that the Judgment Creditor claims she suffered (above and beyond $200,000) that the Judgment Creditor agreed to forego, provided that, the Judgment Debtors made full payment to the Judgment Creditor under the Judgment by October 30, 2020.

1.5 <u>Sale of Property.</u> The Judgment Debtors represent that they will fund a significant portion of the payments set forth in Paragraphs 1.1 - 1.4 from the sale of the Best Western Inn located at 3110 N. Blackstone Avenue, Fresno, California 93703 (the "BW Property").

The Judgment Debtors agree that, in connection with the sale of the BW Property, an irrevocable escrow instruction agreed upon by all parties (the "Escrow Instructions") shall include the list of conditions and expenses that may be deducted from the gross sale proceeds from the sale of the BW Property, as set forth in the attached **Exhibit "A"**. The balance of net sale proceeds shall then be disbursed directly from escrow to the Judgment Creditor to the extent the Judgment has not been satisfied in full.

The Judgment Creditor agrees to act in good faith and cooperate with the Defendants to effectuate sale of BW Property so that the Judgement Debtors can make timely payments.

1.6 <u>Delivery of Payments</u>. All payments made to the Judgment Creditor pursuant to the Judgment shall be made payable to "Goldberg Segalla, LLP" in readily available funds. If payments are not made electronically, funds must be delivered to counsel for the Judgment Creditor, David Choi, Esq., at:

>Goldberg Segalla, LLP.
>Attn: David Y. Choi, Esq.
>665 Main Street
>Buffalo, New York 14203

**STIPULATION AND ORDER FOR: (1) ENTRY OF JUDGMENT AGAINST JUDGMENT DEBTORS; AND (2) FINDINGS OF FACT AND CONDITIONAL RELEASES FROM LIABILITY BY ALL PARTIES**

1.1. <u>No Priority of Payments Between BW Judgment and Judgment</u>. Bob and YYPM are also judgment debtors (collectively, the "<u>BW Judgment Debtors</u>") of another stipulated judgment (the "<u>BW Judgment</u>") entered in a separate civil lawsuit captioned *Su Jung Shin v. Robert Young Yoon* et al., Case No. 1:18-cv-00381-AWI-SKO, filed in the United States District Court, Eastern District of California.

For avoidance of doubt, the Judgment Debtors may elect to pay off all sums owed under the Judgment prior to the Judgment Debtors paying off all sums owed under the BW Judgment, provided that, the BW Judgment Debtors shall be responsible for timely payments of all amounts owed under the BW Judgment and the Judgment Debtors shall be responsible for timely payments of all amounts owed under the Judgment.

**2.     Failure to Make Full Payment by October 30, 2020.**

2.1. <u>General</u>. It is the position of the Judgment Creditor that defendants caused the Judgment Creditor damages substantially greater than the amounts that the Judgment Debtors are obligated to pay under the Judgment. That being said, the Judgment Creditor is willing to accept the lower sum set forth in the Judgment in consideration for the full and timely compliance of all obligations of the Judgment Debtors set forth in the Judgment.

2.2. <u>Modification of the Judgment</u>. If the Judgment Debtors fail to fully satisfy the Judgment by October 30, 2020, in addition to all other rights and remedies that the Judgment Creditor may have (all of which are hereby expressly reserved), the Judgment Creditor, in her sole discretion, shall have the right to move the court to modify the Judgment to determine: (i) whether the Judgment Debtors are liable to the Judgment Creditor for fraud; and/or (ii) increase the monetary obligations of the Judgment Debtors to include an award of punitive damages if the court

**STIPULATION AND ORDER FOR: (1) ENTRY OF JUDGMENT AGAINST JUDGMENT DEBTORS; AND (2) FINDINGS OF FACT AND CONDITIONAL RELEASES FROM LIABILITY BY ALL PARTIES**

determines that punitive damages are warranted pursuant to California *Civil Code* Section 3294 (regardless of whether the Judgment Debtors are determined liable to the Judgment Creditor for fraud).

2.3. <u>Cooperation to Allow the Court to Evaluate Whether to Modify the Judgment.</u> To give full effect to this Paragraph 2 (and all subsections), as it relates to the modification of the Judgment, the Judgment Creditor and Judgment Debtors unconditionally agree to the following: (i) the court will retain jurisdiction to enforce and modify the Judgment; (ii) the failure of the Judgment Debtors to satisfy the Judgment will constitute a "significant change" that was not foreseeable; and (iii) the failure of the Judgment Debtors to satisfy the Judgment constitutes a "hardship" upon the Judgment Creditor.

In addition, as it relates to the modification of the Judgment, the Judgment Debtors agree to waive all defenses relating to: (i) the lack of jurisdiction of the court to modify the Judgment; (ii) the lack of a significant change in circumstances warranting a modification; (iii) the lack of hardship on the part of the Judgment Creditor warranting a modification; (iv) the foreseeability of the failure of the Judgment Debtors to satisfy the Judgment; (v) the doctrines of res judicata and collateral estoppel; and (vi) the passage of time (e.g., statute of limitations and laches) to the extent that such defenses rely upon the time accrued between the date of entry of the Judgment to the date that the Judgment is satisfied in full.

**3. Bankruptcy or Insolvency Proceeding**. Each of the Judgment Debtors individually acknowledges and the Judgment Debtors collectively acknowledge that each payment and all of the payments made pursuant to the terms of Paragraphs 1.1 – 1.4 and the sale of the Property pursuant to the terms of Paragraph 1.5, and any and all other payments made by the Judgment Debtors pursuant to this Agreement are a contemporaneous exchange for new value given to the Judgment Creditor and/or are

**STIPULATION AND ORDER FOR: (1) ENTRY OF JUDGMENT AGAINST JUDGMENT DEBTORS; AND (2) FINDINGS OF FACT AND CONDITIONAL RELEASES FROM LIABILITY BY ALL PARTIES**

in fact a contemporaneous exchange as those terms are understood under the United States Bankruptcy Code. In addition, the Judgment Debtors acknowledge that each payment and all of the payments made pursuant to the terms of Paragraphs 1.1 – 1.4 and the sale of the Property pursuant to the terms of Paragraph 1.5, and any and all other payments made by the Judgment Debtors to the Judgment Creditor pursuant to this Agreement, were negotiated at arm's length, were made in good faith, and were/are supported by value and/or reasonable equivalent value received from the Judgment Creditor in exchange for such payments.

  3.1. Moreover, the Judgment Debtors either individually and/or collectively shall not file a petition under any chapter of the United States Bankruptcy Code within 91 days of the receipt of any payment by the Judgment Creditor made by the Judgment Debtors pursuant to this Agreement. In addition, the Judgment Debtors individually and/or collectively shall not file any receivership, dissolution, assignment for the benefit of creditors, or similar voluntary insolvency proceeding within 91 days of the receipt of any payment by the Judgment Creditor made by the Judgment Debtors pursuant to this Agreement, including but not limited to the Fourth Payment. If the Judgment Debtors, either individually or collectively, file a petition for relief under any chapter(s) of the United States Bankruptcy Code before this Agreement is fully performed, the Judgment Creditor shall be entitled to immediate relief from and lifting of the automatic stay under Paragraph 362 of the United States Bankruptcy Code without any opposition from the Judgment Debtors and/or any of the Judgment Debtors that filed such petition (each a "<u>Filing Debtor</u>"). Moreover, each Filing Debtor waives each and every defense, setoff, or counter-claim(s) that it could otherwise assert in opposition to any motion by the Judgment Creditor for relief from the automatic stay for any purpose. Similarly, the Judgment Debtors acknowledge that each of them individually and/or collectively agree(s) that any

**STIPULATION AND ORDER FOR: (1) ENTRY OF JUDGMENT AGAINST JUDGMENT DEBTORS; AND (2) FINDINGS OF FACT AND CONDITIONAL RELEASES FROM LIABILITY BY ALL PARTIES**

voluntary insolvency proceedings, whether for the appointment of a receiver, an assignment for the benefit of creditors, a dissolution, or similar insolvency proceeding was/is/has been filed in bad faith, and any motion filed by the Judgment Creditor to dismiss such proceeding(s) should be immediately granted and that the Judgment Debtors individually and/or collectively waive any and all defenses to any motion(s) filed by the Judgment Creditor to dismiss such proceeding(s).

**4. Waiver of Rights to Appeal Judgment**. The Judgment Debtors agree to fully and unconditionally waive all of their rights to appeal the Judgment.

**5. Responsibility for Payment of Taxes**. The Judgment Debtors shall be solely responsible for payment of all taxes they owed to all applicable tax authorities in the United States relating to the ownership and prior sale of the Holiday Inn Property that is the subject of the Lawsuit. . The Judgment Creditor shall be solely responsible for payment of all taxes she owes to all applicable tax authorities relating to the payments received under Section 1.

**6. Withdrawal of *Lis Pendens***. The Judgment Creditor shall withdraw her recorded *lis pendens* from the Best Western Inn located at 3110 N. Blackstone Avenue, Fresno, California 93703, by August 20, 2019 or as soon thereafter as reasonably possible, provided that, Plaintiff has received adequate contractual assurances that the gross sale proceeds of the BW Property will be deposited into an escrow account pursuant to the Paragraph 1.5.

**7. Attorney's Fees**. The Judgment Creditor and the Judgment Debtors shall each bear their own respective attorneys' fees and costs accrued in the Lawsuit. If any party to the Judgment seeks to enforce or move to modify the Judgment, the prevailing party shall be entitled to payment of its reasonable attorneys' fees.

**8. Indemnity**. The Judgment Debtors agree to indemnify, defend and hold harmless the Judgment Creditor for, from and against any and all liability, demands,

damages, claims, causes of action, judgments, awards, expenses, and fees (including reasonable fees of attorneys, experts and consultants) including, but not limited to, claims for personal injury, emotional and psychological distress, pain and suffering, property damage, loss of income, diminution in business value or goodwill, and death, that arises from, pertains to, or relates to (whether in whole or in part) the Judgment Debtor's breach of the Judgment. The parties intend for this provision to not violate any applicable laws (including *Civil Code* §§ 2782 *et. seq.*) and, to the fullest extent permitted by law, this provision shall be interpreted in such a manner. For avoidance of doubt, no indemnitor shall be required to indemnify or defend an indemnitee for that indemnitee's sole negligence or willful misconduct as adjudicated by a court of competent jurisdiction.

The Judgment Creditor agrees to indemnify, defend and hold harmless the Judgment Debtors, KSY, KYM, Victus and Blackstone for, from and against any and all liability, demands, damages, claims, causes of action, judgments, awards, expenses, and fees (including reasonable fees of attorneys, experts and consultants) including, but not limited to, claims for personal injury, emotional and psychological distress, pain and suffering, property damage, loss of income, diminution in business value or goodwill, and death, that arises from, pertains to, or relates to (whether in whole or in part) the Judgment Creditor's breach of the Judgment. The parties intend for this provision to not violate any applicable laws (including *Civil Code* §§ 2782 *et. seq.*) and, to the fullest extent permitted by law, this provision shall be interpreted in such a manner. For avoidance of doubt, no indemnitor shall be required to indemnify or defend an indemnitee for that indemnitee's sole negligence or willful misconduct as adjudicated by a court of competent jurisdiction.

**9. <u>Lis Pendens</u>**. The Judgment Creditor will not attach a *lis pendens* against real property that Defendants own prior to October 30, 2020, provided that, Defendants

act in good faith to not transfer assets to third parties or otherwise circumvent the Judgment.

**10.　Stay**. The court shall retain jurisdiction of this matter for the purpose of enabling the parties to apply to the court at any time for such further orders and directives as may be necessary or appropriate for the interpretation of modification of the Judgment or for the enforcement of compliance therewith.

## SECTION 2:
## STIPULATED FINDINGS OF FACT AND
## CONDITIONAL RELEASES BY ALL PARTIES

**1.　Findings of Fact**. HJS, Bob, YYPM, KMY, KSY, Victus and Blackstone unconditionally agree to be bound by the following findings of fact and will not contest, in any manner or forum, each of the following:

　　　1.1　HJS owns 99% of all ownership interests in Cascade Lodge Investment, LLC ("Cascade Lodge")

　　　1.2　Cascade Lodge owns 49% of Cascade Hospitality, LLC ("Cascade Hospitality")

**2.　Mutual Release of Claims.**

　　　2.1.　Plaintiffs' Release of Claims. Upon full payment of all sums owed by the Judgment Debtors under the Judgment (and dismissal with prejudice of the counter-complaint filed against the Judgment Creditor), the Judgment Creditor, individually and in her capacity as a shareholder, owner, member, partner, officer, and/or director of YYPM, Cascade Lodge, Cascade Hospitality, and any legal entity agrees to finally and forever release, waive, and discharge each of the Judgment Debtors, Cascade Lodge, Cascade Hospitality, KMY, KSY, Victus, and Blackstone and their past and current representatives, agents, officers, directors, owners, shareholders, partners, members and employees from any and all claims, actions,

**STIPULATION AND ORDER FOR: (1) ENTRY OF JUDGMENT AGAINST JUDGMENT DEBTORS; AND (2) FINDINGS OF FACT AND CONDITIONAL RELEASES FROM LIABILITY BY ALL PARTIES**

lawsuits, causes of action, liens, debts, awards, judgments, liabilities, demands, obligations, contracts or commitments, debts, accounts, covenants, disputes, controversies, agreements, promises, acts, costs, fees and expenses (including without limitation attorneys' fees, experts' fees and consultants' fees), damages, and executions, of whatever kind or nature, including (but not limited to) statutory, civil, common law or administrative claims, contract or tort claims, whether express, implied in law or fact, oral or written, whether known or unknown, suspected or unsuspected, fixed or contingent, apparent or concealed, at law or in equity, in connection with, that relates to, or arises from the Lawsuit or any investments or financial transactions between the Judgment Creditor and the Judgment Debtors, KMY, KSY, Victus, or Blackstone.

2.2. <u>Defendants' Release of Claims</u>. Upon full payment of all sums owed by the Judgment Debtors under the Judgment and Judgment Creditor's dismissal with prejudice of all Defendants from the Lawsuit, the Judgment Debtors, KMY, KSY, Victus, Blackstone, Cascade Lodge, and Cascade Hospitality (individually and in their capacities as shareholders, owners, members, partners, officers, employees, and/or directors of any legal entity) and anyone "standing in the shoes" of any of the foregoing, whether a trustee, debtor-in-possession, examiner, receiver, assignee for the benefit of creditors, custodian, responsible officer, corporate monitor, administrator, executor, or other court-appointed fiduciary, agree(s) to finally and forever release, waive, and discharge HJS (and her respective past and current representatives, agents, officers, directors, owners, and employees) from any and all claims, actions, lawsuits, causes of action, liens, debts, awards, judgments, liabilities, demands, obligations, contracts or commitments, debts, accounts, covenants, disputes, controversies, agreements, promises, acts, costs, fees and expenses (including without limitation attorneys' fees, experts' fees and consultants'

**STIPULATION AND ORDER FOR: (1) ENTRY OF JUDGMENT AGAINST JUDGMENT DEBTORS; AND (2) FINDINGS OF FACT AND CONDITIONAL RELEASES FROM LIABILITY BY ALL PARTIES**

fees), damages, and executions, of whatever kind or nature, including (but not limited to) statutory, civil, common law or administrative claims, contract or tort claims, whether express, implied in law or fact, oral or written, whether known or unknown, suspected or unsuspected, fixed or contingent, apparent or concealed, at law or in equity, in connection with, that relates to, or arises from the Lawsuit or any investments or financial transactions between Judgment Creditor and the Judgment Debtors, KMY, KSY, Victus, or Blackstone.

    2.3. <u>*Civil Code* Section 1542</u>. EACH PARTY ACKNOWLEDGES THAT IT HAS BEEN ADVISED BY THEIR RESPECTIVE LEGAL COUNSEL AND ARE FAMILIAR WITH THE PROVISIONS OF CALIFORNIA *CIVIL CODE* SECTION 1542, WHICH PROVIDES AS FOLLOWS:

> **"A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR."**

BEING AWARE OF SAID CODE PARAGRAPH, EACH RELEASING PARTY HEREBY EXPRESSLY WAIVES ANY AND ALL RIGHTS IT/HE/SHE MAY HAVE THEREUNDER, AS WELL AS ANY AND ALL RIGHTS IT/HE MAY HAVE BY REASON OF OTHER STATUTES OR COMMON LAW PRINCIPLES OF SIMILAR EFFECT.

    2.4. <u>Agreement Effective Notwithstanding Subsequent Discovery of Different Facts</u>. Each party acknowledges that it/he/she may hereafter discover facts different from or in addition to those they now know or believe to be true with respect to the claims, demands, causes of action, obligations, damages, liabilities of any

**STIPULATION AND ORDER FOR: (1) ENTRY OF JUDGMENT AGAINST JUDGMENT DEBTORS; AND (2) FINDINGS OF FACT AND CONDITIONAL RELEASES FROM LIABILITY BY ALL PARTIES**

nature whatsoever that are the subject of the release set forth herein in this Judgment, and each party hereto expressly agrees to assume the risk of the possible discovery of additional or different facts, and agree that the release shall be and remain effective in all respects regardless of such additional or different facts.

2.5. <u>Representation of Non-Assignment</u>. Each releasing party warrants that it has not, prior to the execution of this Judgment, assigned to any other person or entity any of the claims being settled, released or waived by the terms of this Judgment. Accordingly, if any person or entity not a party to this Judgment hereafter makes any claim against any released party, and such claim arises as a result of any assignment (whether in fact or by operation of law) or purported subrogation of the rights of any releasing party, then that releasing party agrees to indemnify, defend, and hold harmless each released party against any and all losses, costs, expenses, attorney's fees, obligations or other liabilities at the time such losses are incurred arising out of or relating to any such purported claims asserted by any such third party.

*[Rest of this page is intentionally left blank]*

**STIPULATION AND ORDER FOR: (1) ENTRY OF JUDGMENT AGAINST JUDGMENT DEBTORS; AND (2) FINDINGS OF FACT AND CONDITIONAL RELEASES FROM LIABILITY BY ALL PARTIES**

# Exhibit A

## Permitted Expenses for the Sale of Best Western Property

YYPM, Bob, HJS and SJS agree to incorporate the following into the escrow instructions with regard to the sale of the Best Western Inn property located on 3110 N. Blackstone Avenue, Fresno, California 93703 (the "Property"):

The net sale proceeds from the sale of the Property (as used herein, the term "net sale proceeds" shall mean the gross sale proceeds from the sale of the Property minus any necessary and reasonable categories of acceptable expenses below relating to the sale) shall be disbursed directly from escrow to HJS and SJS (as they may determine) to the extent the BW Judgment and HI Judgment remain unsatisfied in full:

Processing Fees
Appraisal Reports
Appraisal Reviews
Tax Services
Credit Reports
Flood Hazard Determination
Flood Hazard Analyzation
UCC Searches
Certificate of Good Standing
Site Inspection Fees
Tax Impound Reserves (Federal, State, County and City)
Prepaid Interest
Legal Fees
Escrow Fees
Grant Deed Preparation
Pay Off Demand Processing Fees
CA FTB Payment Processing Fees
New Loan Service Fees
TOT Taxes
TBID Taxes
CA Tourism Assessment Taxes
Title Insurance
Title Insurance Inspections
Title Insurance Processing Fees
ALTA Surveys
Endorsements
Inspection Fees

Recording Fees
Grant Deed Processing
Grant Deed Recording
Assignment of Rents
State Transfer Taxes
County Transfer Taxes
City Transfer Taxes
Notary Fees
Signing Service Fees
Property Tax Prorations
Repair Credits offered to a bona fide purchaser in good faith
Federal Capital Gains Taxes for the sale of YYPM
State Capital Gains Taxes for the sale of YYPM
Federal Corporate Income Taxes for YYPM
State Corporate Income Taxes YYPM

For avoidance of doubt, none of the above expenses shall be made unless reasonable, and necessary (or widely accepted and customary practice) for the sale of substantially similar properties.

# STIPULATED AS TO SECTION 1: STIPULATED JUDGMENT BETWEEN JUDGMENT CREDITOR AND JUDGMENT DEBTORS[1]

Dated: August ___, 2019     HYUN JU SHIN

                                               Sign:

Dated: August ___, 2019     BOB YOUNG YOON

                                               Sign:

Dated: August ___, 2019     Y&Y PROPERTY MANAGEMENT, INC.

                                               Sign:
                                               Name:
                                               Title:

# STIPULATED AS TO SECTION 2: STIPULATED FINDINGS OF FACT AND CONDITIONAL RELEASES BY ALL PARTIES[2]

Dated: August ___, 2019     HYUN JU SHIN

                                               Sign:

Dated: August ___, 2019     BOB YOUNG YOON

                                               Sign:

Dated: August ___, 2019     Y&Y PROPERTY MANAGEMENT, INC.

                                               Sign:
                                               Name:
                                               Title:

---

[1] The Court notes that the filed stipulation (Doc. No. 52) contains signatures in counterparts for this "Section 1."

[2] The Court notes that the filed stipulation (Doc. No. 52) contains signatures in counterparts for this "Section 2."

Dated: August ___, 2019        KYOUNG MEE YOON

                                              Sign:

Dated: August ___, 2019        KYOUNG SUP YOON

                                              Sign:

Dated: August ___, 2019        THE VICTUS GROUP, INC.

                                              Sign:
                                              Name:
                                              Title:

Dated: August ___, 2019        BLACKSTONE SEATTLE, LLC

                                              Sign:
                                              Name:
                                              Title:

### ***AGREED AS TO FORM AND CONTENT***

Dated: August ___, 2019        GOLDBERG SEGALLA, LLP

                                              Sign:
                                              Name:        David Y. Choi, Esq.

Dated: August ___, 2019        CHRISTINE PARK LAW FIRM, APC

                                              Sign:
                                              Name:        Boksoon Christine Park, Esq.

**After consideration, the Court will give effect to the stipulation.**

IT IS SO ORDERED.

Dated:   September 10, 2019        _____
                                                            SENIOR DISTRICT JUDGE