# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SU JUNG SHIN and HYUN JU SHIN,<br><br>    Plaintiffs,<br><br>    v.<br><br>ROBERT YOUNG YOON, et al.,<br><br>    Defendants. | CASE NO. 1:17-CV-01371-AWI-SKO<br><br>**ORDER TO CLOSE CASE** |
| BOB YOUNG YOON,<br><br>    Counter-Claimants,<br><br>    v.<br><br>HYUN JU SHIN,<br><br>    Counter-Defendants. | |

    This case was brought in 2018 by Su Jung Shin and Hyun Ju Shin ("Plaintiffs") against multiple defendants, including Robert ("Bob") Young Yoon, Kyoung Mee Yoon, Kyoung Sup Yoon, Y&Y Property Management, Inc., The Victus Group, Inc., Blackstone Seattle, LLC, and Yoon & Yoon Investments, LLC (together, "Defendants"). Doc. No. 1. In 2019, Bob Young Yoon brought counterclaims against Plaintiffs. Doc. Nos. 45-47.

1       On March 4, 2021, Plaintiffs filed Judicial Council of California Form EJ-100, which is entitled "Acknowledgement of Satisfaction of Judgment." Doc. No. 90. It appears that this filing may have been intended to convey that the stipulated judgment that was ordered by the Court on September 10, 2019, see Doc. No. 56, had been satisfied. The form in question, however, is for use in California state court and the Court cannot determine—beyond mere surmise—what outcome Plaintiffs intended to effect by filing it, without explanation, in this federal forum. Moreover, the stipulated judgment to which the form apparently relates does not purport to resolve claims against all Defendants and may not resolve all counterclaims. See Doc. Nos. 56 & 57.

        In any event, there has been no docketed activity in this case of any kind since the form was filed on March 4, 2021. See Doc. No. 90.

        On March 7, 2023, the Court issued an order directing any party wishing to continue this case to show cause in writing within 10 calendar days of the date of electronic service of the order why the Court should not close this case for failure to prosecute. Doc. No. 91. That order expressly stated that if the required showing were not made, this case would be closed without further notice to the parties. Id. No filings have been made in response to the order and the deadline for such filings passed last week.

        To determine whether to dismiss an action for failure to prosecute, the Court must consider several factors, including: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." Henderson v. Duncan, 779 F.2d 1421, 1423-24 (9th Cir. 1986) (affirming dismissal with prejudice for lack of prosecution).

        None of these factors favors continuing this litigation. This action has been completely dormant—cluttering the Court's docket—for two years. It appears Plaintiffs have secured compensation they deem satisfactory and, in effect, resolved all their claims. And the fact that none of the parties responded in any fashion to the Court's March 7, 2023 order to show cause precludes a finding that any of the Defendants—or Counter-Claimants—would be prejudiced by dismissal.

The Clerk of Court is therefore respectfully DIRECTED to CLOSE this case for failure to prosecute.

IT IS SO ORDERED.

Dated: __March 22, 2023__                         _____
                                                   SENIOR DISTRICT JUDGE